UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DAVID SELLOW,

        *Plaintiff*,

v.

IHUOMA NWACHUKWU,

        *Defendant*.

Civil Action No.:
3:18-cv-13820-PGS-TJB

**MEMORANDUM AND ORDER**

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on Defendant's Motion to Set Aside an Entry of Default (ECF No. 13). This Court has federal question jurisdiction to hear this case. For the reasons stated herein, Defendant's motion is granted and the entry of default is set aside.

I

Plaintiff, David Sellow, is a *pro se* state prisoner who is presently confined at New Jersey State Prison in Trenton, New Jersey. (Compl. ¶ 1b, ECF No. 1). Plaintiff has filed a lawsuit against Defendant, Dr. Ihuoma Nwachukwu, a physician at New Jersey State Prison and an employee of the State of New Jersey through Rutgers University Correctional HealthCare. (*See* Compl.; Aff. of Ihuoma Nwachukwu ¶ 1, ECF No. 13-2).

Plaintiff brought his lawsuit under 42 U.S.C. § 1983, alleging that Defendant failed to provide him with post-surgical medical care, delayed in sending him to the hospital after he fell in his housing unit, and has refused to adequately treat his medical needs. (Compl. ¶¶ 6-24). Plaintiff claims Defendant's actions and omissions violate the Eighth Amendment and the New Jersey Tort

1

Claims Act and seeks damages, injunctive relief, and a declaratory judgment. (Compl. VIII, "Claims for Relief"). Plaintiff has sued Defendant in her individual capacity.

Plaintiff filed his Complaint on September 12, 2018. (*See* Compl.). On January 16, 2019, after Defendant did not file an Answer to Plaintiff's Complaint, Plaintiff filed a request for default. (Request for Entry of Default, ECF No. 8). In Plaintiff's default request, he claims that he properly served Defendant with a copy of the Summons and Complaint on December 3, 2018. (*Id.* at ¶ 2). On January 16, 2019, the Clerk of the Court filed an Entry of Default for Defendant's failure to plead or otherwise defend the action. On April 1, 2019, Plaintiff filed a Motion to Enter Default against the Defendant. (ECF No. 9).

Defendant, however, claims that she was never served with the Summons and Complaint. (Nwachukwu Aff. ¶ 5). She states that she first learned about the lawsuit in late September 2019 when the Rutgers Office of Risk Management informed her about Plaintiff's Complaint. (*Id.* at ¶ 6). Defendant avers that she had absolutely no knowledge of the case before this time. (*Id.*).

Moreover, Defendant's counsel, Michael J. Lunga, Esq., wrote to the Court and indicated that the State of New Jersey's Attorney General's Office assigned him to represent Defendant on October 3, 2019. (Letter to the Court from Michael J. Lunga, Oct. 3, 2019, ECF No. 12). According to Mr. Lunga, the Assistant Attorney General in charge of the lawsuit informed Mr. Lunga that it was not until late September 2019 that he (the Assistant AG) was first informed that there was a lawsuit and that a default had been entered against Defendant. (Certification of Michael J. Lunga ("Lunga Cert."), ECF No. 13-3).

In further support of Defendant's contention that she was unaware of the lawsuit until relatively recently, she has submitted copies of the United States Marshals Service "Process Receipt and Return" as well as the Summons, which includes the "Return of Service" form. (Def.'s

Ex. A, ECF No. 13-2). The Process Receipt and Return form indicates that the individual who allegedly served Defendant was one "Holland," who appears to be a U.S. Marshal or Deputy. (*Id.*). On the same page of the form, the "Date of Service" allegedly indicates that Defendant was served on "12/03/18" at "11:30 a.m." (*Id.*). In the "Remarks" section on the same page, there is a handwritten note that states, "11/22/18 not available until 11/26/18." (*Id.*).

The Summons contains the Federal Rule of Civil Procedure 4(a) summons requirements, including the name of the court and the parties, is signed by the clerk and bears the District Court's seal, and notifies Defendant that she has 21 days after service in which to respond or risk a default judgment entered against her. (*Id.*). Notably, the "Return of Service" page, which typically describes the details of service, is completely blank. (*Id.*).

Because Defendant claims that she was not served with the Summons and Complaint in this lawsuit, she requests that the Court set aside the entry of default against her and allow her to file an Answer. (Lunga Cert. ¶ 14). Plaintiff did not file an opposition to Defendant's motion, but indicated during oral argument that he does not oppose Defendant's motion.

II

Service of Process

Service of process appears to have been defective in this case because Defendant was not properly served.

Federal Rule of Civil Procedure 4 provides, in pertinent part, that "an individual . . . may be served in a judicial district of the United States by . . . delivering a copy of the summons and of the complaint to the individual personally . . . ." Fed. R. Civ. P. 4(e)(2)(A). "A default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be

3

set aside." *Gambone v. Lite-Rock Drywall Corp.*, 124 F. App'x 78, 79 (3d Cir. 2005) (citation omitted); *see* Fed. R. Civ. P. 60(b)(4).

Personal delivery of service does not necessarily require physically placing the summons and complaint in the defendant's hand, nor does it require a "face to face encounter." *Gambone*, 124 F. App'x at 79; *see* 1 Moore's Federal Practice, § 4.91 (Matthew Bender 3d Ed.). "If the defendant attempts to evade service by refusing to take the papers, service may be sufficient if the server makes a good faith effort to comply with Rule 4 by placing the papers in close proximity to the defendant and clearly communicating an intent to serve court documents." 1 Moore's Federal Practice, § 4.91; *Gambone*, 124 F. App'x at 79.

The U.S. Court of Appeals for the Third Circuit has stated that "the two essential factors that justify relaxed personal service are i) the defendant's active evasion of service and ii) clear evidence that the defendant actually received the papers at issue when allegedly served." *Gambone*, 124 F. App'x at 80.

In this case, based on the documents submitted, it appears that service of process was not properly effectuated because it appears that Defendant was not served. Here, Defendant swore in her Affidavit that she was never served with the Summons and Complaint. (Nwachukwu Aff. ¶ 5). In addition, Defendant's attorney, Mr. Lunga, stated in his Certification and in his October 3, 2019 Letter to the Court that he was assigned to represent Defendant on October 3, 2019 (nearly a year after service had purportedly been effected), and that the Assistant Attorney General only learned, in late September 2019, that the lawsuit had been filed. (Lunga Cert. ¶¶ 6; Letter to the Court). Moreover, although the U.S. Marshal's Process Receipt and Return form states that Defendant was served on December 3, 2018, the Return of Service—which would have delineated the precise circumstances in which Defendant would have been served—is completely blank.

(Def.'s Ex. A). The blank Return of Service page coupled with Defendant's and her attorney's statements that Defendant was not served suggest that service of process was defective. Therefore, this Court finds that Defendant was not properly served with the Summons and Complaint in this case and sets aside the Entry of Default.

III

Motion to Vacate Default Judgment

The circumstances in this case further warrant the setting aside of the Entry of Default.

Federal Rule of Civil Procedure 55(c) permits a district court to set aside an entry of default "for good cause shown." Fed. R. Civ. P. 55(c).

The Third Circuit generally disfavors default judgments and has "repeatedly . . . stated [its] preference that cases be disposed on the merits whenever practicable." *Mrs. Ressler's Food Prods. v. KZY Logistics LLC*, 675 F. App'x 136, 137 (3d Cir. 2017) (citations omitted); *see United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984). Entry of a default judgment is an "extreme sanction" and the decision whether to vacate a default judgment is left to the sound discretion of the trial court. *Mrs. Ressler's Food Prods.*, 675 F. App'x at 137-38. Yet, "in a close case doubts should be resolved in favor of setting aside the default and reaching a decision on the merits." *Id.* (quoting *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983)).

When determining whether to set aside an entry of default, courts must consider the following factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct." *Doe v. Hesketh*, 828 F.3d 159, 175 (3d Cir. 2016) (quoting *$55,518.05 in U.S. Currency*, 728 F.2d at 195). Courts may also consider the "effectiveness of alternative sanctions." *Mrs.*

*Ressler's Food Prods.*, 675 F. App'x at 140; *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987). This Court considers these points seriatim.

A. <u>Prejudice to the Plaintiff</u>

The first element a court must consider when deciding whether to set aside an entry of default is "whether the plaintiff will be prejudiced." *Hesketh*, 828 F.3d at 175. To support a finding of prejudice, courts may look at the loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment to support a finding of prejudice. *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982); *see also Hudson Hosp. Opco, LLC v. Regency Heritage Nursing & Rehab. Ctr., LLC*, No. 16-5673(FLW), 2017 U.S. Dist. LEXIS 178979, at *22-23 (D.N.J. Oct. 30, 2017). Further, prejudice can be established when a plaintiff's "ability to pursue the claim has been hindered . . . ." *Feliciano*, 691 F.2d at 657.

Here, Defendant argues that because the prison medical records still exist regarding Plaintiff's alleged injuries, Plaintiff will not be prejudiced. (Lunga Cert. ¶ 10). Defendant also suggests that there is no potential for fraud or collusion because she will promptly file an Answer within the time allotted by this Court. (*Id.*). This Court finds the Defendant's assertions to be credible. Should the medical records about Plaintiff's injuries still exist, Plaintiff can evaluate the reliability of the medical records, and Defendant can mount an appropriate defense. Thus, Plaintiff's ability to pursue his claims will not be hindered and Plaintiff will not be prejudiced.

B. <u>Meritorious Defense</u>

The second element in the analysis is "whether the defendant has a meritorious defense." *Hesketh*, 828 F.3d at 175. A defendant establishes a meritorious defense when the "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." *$55,518.05 in U.S. Currency*, 728 F.2d at 195. Defendants seeking to vacate a default judgment

must "allege[] specific facts beyond simple denials or conclusionary statements." *Mrs. Ressler's Food Prods.*, 675 F. App'x at 141 (quoting *$55,518.05 in U.S. Currency*, 728 F.2d at 195).

In this case, Defendant argues that because she was not informed of the lawsuit until very recently, she was unable to file an Answer where she would have asserted meritorious defenses both on liability and causation as to Plaintiff's claims of medical negligence and malpractice. (Lunga Cert. ¶ 11). Defendant does note, however, that Plaintiff's claims are barred by the New Jersey Tort Claims Act. N.J. Stat. Ann. § 59. Defendant maintains that although Plaintiff filed a Notice of Claim, he did not file the notice within the required 90-day period, nor did Plaintiff file a motion for notice of a late claim. *Id.* at §§ 59:8-8 – 9. Defendant avers that these defenses will be the subject of separate motions and other documentation should this Court vacate the Entry of Default and permit her to file an Answer. (Lunga Cert. 11).

Based on the documents submitted thus far, this Court cannot fully determine whether Defendant will have a complete defense to Plaintiff's claims because, as she stated, she has yet to file an Answer since she was not aware that a lawsuit had been filed against her. For the same reasons, this Court also cannot fully evaluate Defendant's argument that Plaintiff failed to timely file a Notice of Claim under the New Jersey Tort Claims Act. Nevertheless, because an Answer has not yet been filed, this Court will permit Defendant to file an Answer or otherwise plead so that she can assert defenses.

C. Culpable Conduct

The third factor a trial court must consider when determining whether to vacate an entry of default is "whether the default was the result of the defendant's culpable conduct." *Hesketh*, 828 F.3d at 175. In considering a defendant's culpability, "i.e. whether its conduct was excusable, courts apply the standard of "willfulness" or "bad faith."" *Mrs. Ressler's Food Prods.*, 675 F.

App'x at 142 (citations omitted). "'Willfulness' or 'bad faith' means 'more than mere negligence'" but can be satisfied with less than 'knowing' disregard." *Id.* (citation omitted). For example, "[r]eckless disregard for repeated communications from plaintiffs and the court, combined with the failure to investigate the source of a serious injury, can satisfy the culpable conduct standard." *Id.* (citation and internal quotations omitted).

Here, there does not appear to be any willfulness or bad faith on the part of Defendant. Defendant contends, and this Court agrees, that there is no willfulness or bad faith because she was totally unaware that Plaintiff had filed the lawsuit and thus did not intentionally ignore the Complaint. (Nwachukwu Aff. ¶¶ 5-6; Lunga Cert. ¶ 12). Again, this is combined with Defendant's assertion that the New Jersey Attorney General's Office only recently learned of the suit in September 2019 and shortly thereafter appointed Mr. Lunga to represent Defendant. (Lunga Letter). Defendant also points to the Process of Receipt and Return form states "11/22/18 not available until 11/26/18" and that the third page entitled "Return of Service" is completely blank. (*Id.*). It is unclear what the annotation on the Process of Receipt and Return form means, but the blank Return of Service page demonstrates that Defendant did not act willfully or in bad faith in not responding to the lawsuit since she was apparently unaware of it.

D. Alternative Sanctions

Finally, courts sometimes consider the "effectiveness of alternative sanctions." *Mrs. Ressler's Food Prods.*, 675 F. App'x at 140; *Emcasco Ins. Co.*, 834 F.2d at 73. The alternative sanctions factor is motivated by the court's recognition that default is a harsh sanction and that lesser sanctions may adequately deter bad conduct while allowing cases to be decided on their merits. *Emcasco*, 834 F.2d at 73; *Nat'l Specialty Ins. Co. v. Papa*, No. 11-2798 RMB/KMW, 2012 U.S. Dist. LEXIS 34047, at *17 (D.N.J. Mar. 14, 2012). "Where, however, the moving party has

failed to demonstrate a meritorious defense, that underlying rationale is undermined and the fourth prong has less force." *Papa*, 2012 U.S. Dist. LEXIS 34047, at *17.

Here, Defendant argues that alternative sanctions are not appropriate. (Lunga Cert. ¶ 13). This Court agrees. This Court has not discerned any foul play or misconduct from the Defendant and thus alternative sanctions are not appropriate.

## ORDER

This matter, having come before the Court on Defendant Ihuoma Nwachukwu's Motion to Set Aside Entry of Default (ECF No. 13), and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this __20__ day of November, 2019,

**ORDERED** that Defendant's Motion to Set Aside Entry of Default (ECF No. 13) is **GRANTED**; and it is further

**ORDERED** that Defendant is to file an Answer or otherwise plead within ~~twenty~~ 21 days of this Order; and it is further

**ORDERED** that Plaintiff's Motion for Default Judgment (ECF No. 9) is **DENIED**; and it is further

**ORDERED** that the Clerk is directed to send a copy of this Memorandum and Order to Mr. David Sellow by first class mail.

_____
PETER G. SHERIDAN, U.S.D.J.