UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID SELLOW, | Civil Action No. 18-13820 (PGS) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| IHOUMA NWACHUKWU, | |
| Defendant. | |

**BONGIOVANNI, Magistrate Judge**

This matter has been opened to the Court upon *pro se* Plaintiff, David Sellow's ("Plaintiff"), motions seeking an extension of time to file an affidavit of merit (Docket Entry No. 23) and for the appointment of *pro bono* counsel (Docket Entry No. 24). For the reasons set forth below, the Court will (1) appoint *pro bono* counsel for the limited purpose of determining whether Plaintiff can obtain an affidavit of merit in support of his claim for medical malpractice and negligence against Defendant; and (2) extend the time for filing the affidavit of merit. The stay on dispositive motion practice is extended until after *pro bono* counsel is appointed and has the opportunity to explore whether an affidavit of merit can be obtained.

I.  **Factual Background and Procedural History**

The Court sets forth only those facts necessary to this Opinion. Plaintiff, who is a *pro se* prisoner currently incarcerated at New Jersey State Prison ("NJSP"), submitted his Complaint on September 12, 2018. (Docket Entry No. 1). Plaintiff's Complaint was deemed filed on October 17, 2018, when Plaintiff's application to proceed *in forma pauperis* was granted (Docket Entry No. 2), and a summons was issued on November 15, 2018 after the District Court determined on November 2, 2018 that Plaintiff's Eight Amendment and New Jersey Tort Claims Act claims were

sufficiently stated to pass its *sua sponte* screening. (Docket Entry Nos. 3 & 6). Generally, the Complaint alleges that Defendant, who treated Plaintiff at NJSP, was deliberately indifferent to his serious medical needs when she failed to properly treat Plaintiff's surgery, including post-surgical treatment, delayed in sending Plaintiff to the hospital, and failed to properly treat Plaintiff's severe constipation. (Docket Entry No. 1, Compl. ¶¶ 6-15). Plaintiff alleges that as a result of Defendant's actions, he suffered unnecessarily, fell and hurt himself while trying to use the bathroom, needed to be rushed into an operating room to have a second medical procedure, suffered unnecessarily from severe constipation, and had to stop taking his prescribed pain medication in order to alleviate the aforementioned constipation because Defendant failed to provide him with effective treatment, which consequently, resulted in him having to endure immense pain and suffering. (*See Id.*) In addition to his federal claim, Plaintiff, through his Complaint, alleges that Defendant's actions also amounted to medical malpractice and negligence. (*Id*. ¶¶ 33-40).

Defendant was served with the Summons and Complaint on December 3, 2018, making her Answer or other response due on December 24, 2018. (Docket Entry No. 7). Defendant failed to timely respond to Plaintiff's Complaint and default was entered against her on January 16, 2019. On April 1, 2019, Plaintiff moved for a default judgment as to Defendant. (Docket Entry No. 9). On October 3, 2019, counsel entered a notice of appearance on behalf of Defendant and simultaneously sought an extension of time to respond to Plaintiff's motion for default judgment. (Docket Entry Nos. 10 -12). On October 10, 2019, Defendant filed a motion to set aside default. (Docket Entry No. 13).

The District Court heard argument on Plaintiff's motion for default judgment and Defendant's motion to set aside default on November 20, 2019. (Docket Entry No. 19). The

District Court denied Plaintiff's motion for default judgment, granted Defendant's motion to set aside default and directed Defendant to file an Answer or otherwise plead in response to Plaintiff's Complaint. (Docket Entry No. 18). On November 26, 2019, Defendant filed her Answer. (Docket Entry No. 20). On December 2, 2019, the Court entered a Scheduling Order, which, in part, set April 2, 2020 as the fact discovery end date and directed the parties to provide the Court with a status update by March 2, 2020. (Docket Entry No. 21). Defendant reported back as directed, submitting a letter in which she advised that "[d]iscovery has not proceeded with this prisoner plaintiff, but I do expect to be filing dispositive motions prior to the May 8, 2020 directive in your Order[.]" (Docket Entry No. 22). Plaintiff also reported back. However, instead of filing a letter, he filed the instant motions for an extension of time to file an affidavit of merit (Docket Entry No. 23) and for *pro bono* counsel (Docket Entry No. 24). In light of Plaintiff's motions, the Court entered an Order staying dispositive motion practice until after the motions were decided. (Docket Entry No. 25).

**II.     Discussion**

As outlined by the Third Circuit, New Jersey's affidavit of merit statute was enacted "'as part of a tort reform packaged designed to strike a fair balance between preserving a person's right to sue and controlling nuisance suits.'" *Nuveen Mun. Trust v. WithumSmith Brown, P.C.*, 692 F.3d 283, 290 (3d Cir. 2012) (quoting *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 579 (3d Cir. 2003) (internal quotation marks and citation omitted)). The statute:

> [R]equires that a plaintiff filing "any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed professional" provide each defendant with "an affidavit of an appropriate licensed person [stating] that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside

3

> acceptable professional or occupational standards or treatment practices."

*Id.* (quoting N.J.S.A. § 2A:53A-27).

Further, pursuant to the statute, the affidavit or merit "must be provided within 60 days after the defendant files its answer. *Id.* (citing N.J.S.A. § 2A:53A-27). Though, "[f]or good cause shown, the Statute provides one extension period of an additional 60 days contiguous to the initial 60-day period." *Id.* (citing N.J.S.A. § 2A:53A-27). As explained by the Third Circuit, "[t]he penalty for not following the . . . Statute is severe. Absent a showing of one of four limited exceptions, the failure to file the affidavit 'shall be deemed a failure to state a cause of action.'" *Id.* at 290-91 (quoting N.J.S.A. § 2A:53A-29). The four limited statutory exceptions are (i) a statutory exception regarding lack of information; (ii) a "common knowledge" exception; (iii) substantial compliance with the affidavit of merit requirement; or (iv) "extraordinary circumstances that warrant equitable relief. *See* N.J.S.A. § 2A:53A-28 (detailing statutory exceptions).

Here, the affidavit of merit statute applies to Defendant. Further, more than 60 days has passed since Defendant filed her Answer on November 26, 2019. Indeed, Plaintiff filed his motion for an extension of time 97 days after Defendant filed her Answer. Additional time has since passed. While the Court finds good cause to provide the additional 60 day extension permitted by N.J.S.A. § 2A:53A-27, the Court finds it highly unlikely that Plaintiff will be able to file the requisite affidavit of merit by March 25, 2020, which is the 120th day after Defendant filed her Answer. As a result, the Court must determine whether any of the four exceptions exist, which would allow the Court to further extend Plaintiff's time to file an affidavit of merit.

Plaintiff argues that, "[c]ourts in this district have found extraordinary circumstances sufficient to permit an extension of time to file an affidavit of merit, when plaintiff is a pro se

4

prisoner, who also encountered other obstacles." (Docket Entry No. 23 at 2). Plaintiff notes that he is currently proceeding *pro se*, has filed a motion for *pro bono* counsel, has been unable to secure an affidavit of merit and has encountered several obstacles in litigating this case. For example, he indicates that paralegal who was assisting him was transferred to a different prison, no additional paralegals have been available to help him, and he lacks sufficient access to the law library.

The Court finds Plaintiff's request for the appointment of counsel relevant to his request for an extension of time to file the affidavit of merit. Indeed, it appears that Plaintiff is unable to effectively litigate the affidavit of merit issue without the assistance of counsel. 28 U.S.C. § 1915(e) "gives district courts broad discretion to request an attorney to represent an indigent civil litigant." *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1997). In determining whether *pro bono* counsel should be appointed, the Court considers, "the Tabron guideposts that may be relevant to any particular request for counsel, including successive requests, at the time and stage of litigation that the request is made." *Houser v. Folino*, Civil Action No. 16-2242, 2019 U.S. App. LEXIS 18368 at *16-17 (3d Cir. June 19, 2019).

Under *Tabron*, in deciding whether counsel should be appointed, the Court first considers whether a claim or defense has "arguable merit in fact and law," and, if it does, the Court then considers additional factors, which include: (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues presented; (3) the degree to which factual investigation is required and the ability of the applicant to pursue such investigation; (4) whether credibility determinations will play a significant role in the resolution of the applicant's claims; (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can afford counsel on his or her own behalf. *Tabron v. Grace*, 6 F.3d at 155-57. Other factors such as "the

lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do *pro bono* work, and the value of lawyers' time" must also be considered when deciding an application for the appointment of *pro bono* counsel. *Jenkins v. D'Amico*, Civ. Action No. 06-2027, 2006 WL 2465414, at *1 (D.N.J. Aug. 22, 2006) (citing *Tabron*, 6 F.3d at 157-58).

Here, Plaintiff's claims, which survived the Court's initial screening, clearly have arguable merit in fact and law. As a result, the Court turns to the other factors, which the Court, on balance, finds weigh in favor of appointing counsel at this juncture. Of these, Plaintiff's ability to present his case is "[p]erhaps the most significant" of the factors to consider in determining whether counsel should be appointed. *Montgomery v. Pinchak*, 294 F.3d 492, 501 (3d Cir. 2002). As noted above, Plaintiff appears unable to litigate the affidavit of merit issue without the assistance of counsel. As a result, this important factor weighs in favor of appointing counsel. The Court finds that the second factor also favors the appointment of counsel. In this regard, while the timeline for submitting the affidavit of merit is fairly straightforward, the process of actually obtaining the required affidavit is quite complex. *See Id.* at 502 (quoting *Tabron*, 6 F.3d at 157) ("instructing that the difficulty of the legal issues must be considered 'in conjunction with . . . the plaintiff's capacity to present his own case'"). Further, the fifth factor supports Plaintiff's request for counsel, as it is likely in this medical malpractice case that testimony from expert witnesses will be required. *See Parham*, 126 F.3d at 460 (noting that "[a] medical malpractice case involves complex facts and medical records that even most lawyers struggle to comprehend. Hence, most of these cases require expert testimony"). The sixth factor also supports Plaintiff's request as Plaintiff, who is proceeding *in forma pauperis*, certainly cannot afford counsel on his own behalf. While Plaintiff may be able to pursue the necessary factual investigation related to the claims and defenses at

issue,[1] and while it is unclear the extent to which credibility determinations will be at play, the Court finds that, on balance, even after considering the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do *pro bono* work and the value of lawyers' time, the appointment of counsel is warranted here.

The Court also finds that extraordinary circumstances exist, which warrant an extension of time beyond 120 contiguous days to file the required affidavit of merit in this case. In reaching this conclusion, the Court is mindful of the fact that even in represented cases, the Third Circuit has long acknowledged that a plaintiff's state law medical malpractice claim need not be dismissed with prejudice if the failure to file an affidavit of merit within the statutory time period was due to extraordinary circumstances. *See Chamberlain v. Giampapa*, 210 F.3d 154, 162 (3d Cir. 2000). "What constitutes an 'extraordinary circumstance' is a fact-sensitive analysis." *Id*. (citation omitted). Generally, such "circumstances must be exceptional and compelling"; they cannot arise out of "an attorney's mere carelessness or lack of proper diligence." *Id*. (internal quotation marks and citations omitted). Similarly, "[c]ourts in the *pro se* context have considered whether the failure to comply with the filing deadline resulted from 'carelessness, lack of circumspection, lack of diligence, [] ignorance of the law[,]' or failure to seek legal advice." *Fontanez v. U.S.*, 24 F.Supp. 3d 408, 414 (D.N.J. 2014) (quoting *Marcantonio v. Hundertmark*, No. A-2012-04T5, 2005 WL 3663634, at *4 (N.J.Super.Ct.App.Div. Jan. 23, 2007) (internal quotation marks and citation omitted)). None of these reasons alone are sufficient to qualify as extraordinary circumstances. *See id*.

However, where a plaintiff is a *pro se* prisoner, extraordinary circumstances have been found where the plaintiff has encountered other obstacles. *See Fontanez v. U.S.*, 24 F.Supp. 3d

---

[1] The Court notes that according to Defendant, no discovery has taken place. (*See* Docket Entry No. 22). As such, it is unclear whether Plaintiff is, in fact, able to conduct the necessary factual investigation.

408, 414-16. For example, in *Fontanez*, the Court noted that the plaintiff's "incarceration during the period within which to file a timely affidavit of merit undoubtedly frustrated [his] ability to timely acquire an affidavit of merit." *Id*. at 416. Combined with other unique circumstances, the Court in *Fontanez* found extraordinary circumstances existed to excuse the plaintiff's failure to timely file an affidavit of merit and to grant him an additional extension of time to do so. *See id*. at 416-17. In so doing, the Court in *Fontanez* noted that "'[t]he Affidavit of Merit statute was intended to flush out insubstantial and meritless claims[,]' but 'was not intended to encourage gamesmanship or a slavish adherence to form over substance.'" *Id*. at 416 (quoting *Ferreira v. Rancocas Orthopedic Assocs.*, 178 N.J. 144, 836 A.2d 779, 783 (2003)).

Up until today, Plaintiff, an incarcerated prisoner, has been proceeding *pro se* in this matter. Despite his prisoner *pro se* status he has attempted to comply not only with the Orders entered by this Court, but also with the affidavit of merit statute. Despite his considerable efforts, he has not been able to obtain the requisite affidavit of merit. Further, while attempting to litigate this matter, the paralegal who was assisting him was transferred to a different prison and he was unable to obtain additional paralegal assistance. In addition, Plaintiff has expressed concerns about his access to the law library. The Court finds that Plaintiff's *pro se* status in conjunction with these additional obstacles establish extraordinary circumstances warranting an extension of time for Plaintiff to file the affidavit of merit after the expiration of the contiguous 120 day-period on March 25, 2020. At this time, the Court will (1) appoint counsel for the limited purpose of assisting Plaintiff in determining whether he can obtain the appropriate affidavit of merit; and (2) extend the time within which Plaintiff may submit the required affidavit or otherwise meet the requirements of the affidavit of merit statute. The time is extended 60 days from the date *pro bono* counsel makes an appearance in this matter. Dispositive motion practice is stayed.

### III. Conclusion

For the reasons stated above, the Court will appoint *pro bono* counsel for the limited purpose of assisting Plaintiff in obtaining the required affidavit of merit in support of his medical malpractice and negligence claims against Defendant.[2] Further, for the reasons outlined herein, the Court will extend the time in which Plaintiff may file the required affidavit of merit. Dispositive motion practice is stayed and shall be reset at a later date. An appropriate Order follows.

Dated: March 13, 2020

                                          s/ Tonianne J. Bongiovanni
                                      **HONORABLE TONIANNE J. BONGIOVANNI**
                                      **UNITED STATES MAGISTRATE JUDGE**

---

[2] If an affidavit of merit is obtained and Plaintiff's claim for medical malpractice proceeds, the Court will then determine whether *pro bono* counsel shall continue to represent Plaintiff for all purposes.