UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(609) 989-2040

CHAMBERS OF
**TONIANNE J. BONGIOVANNI**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

April 23, 2021

**LETTER ORDER**

Re:   Sellow v. Nwachukwu
      Civil Action No. 18-13820 (PGS)

Dear Mr. Sellow and Counsel:

On March 17, 2020, the Court entered a Letter Order (Docket Entry No. 29) staying its Memorandum Opinion and Order of March 13, 2020 (Docket Entry Nos. 26 & 27) in order to give Defendant an opportunity to file an opposition to Plaintiff's motion for an extension of time to file an affidavit of merit and motion for *pro bono* counsel. The Court set March 23, 2020 as the deadline for Defendant's opposition and March 30, 2020 for Plaintiff's reply. Defendant timely filed its opposition on March 21, 2020 (Docket Entry No. 30). Because of the COVID-19 pandemic, including being placed on lockdown and getting quite sick, Plaintiff was unable to timely submit his reply, and only recently filed same on March 18, 2021, almost a year late (Docket Entry No. 31). While the delay was not of Plaintiff's making, it was substantial. Though the Court does not strike Plaintiff's reply, it notes, that, after reviewing same, it is unnecessary to the Court's consideration of Plaintiff's motions.

Defendant's opposition to Plaintiff's motions essentially rests on the proposition that under New Jersey's affidavit of merit statute, N.J.S.A. 2A:53A-27, a court is not permitted to "provide more time than a 120-day overall window after the filing of the defendant's Answer" for a plaintiff to submit an affidavit of merit. (Def. Opp. at 2; Docket Entry No. 30). Indeed, Defendant states

that "not a single case, to my knowledge, allows a court to go against the clear wording of the Statute and provide" more than the 120-day overall timeframe.  (*Id*.)  Thus, Defendant posits that "**The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.**"  (*Id*. (emphasis in original)).

Given Defendant's position that "[t]here is no provision in the case law, and even more importantly the statute itself, to allow that one 60-day extension to start at any time other than at the expiration of the initial 60-day period after the filing of the defendant's Answer[,]" Defendant contends that "[t]he Court cannot grant an extension of the deadline beyond March 25, 2020 which is 120 days after the Answer was filed."  (*Id*. at 3).  Based on the foregoing, Defendant also claims that there is no sound basis upon which to appoint Plaintiff *pro bono* counsel under the factors set forth in *Taborn v. Grace*, 6 F.3d 147 (3d Cir. 1997).

The Court has fully considered Defendant's arguments in opposition to Plaintiff's motion for an extension of time to file an affidavit of merit and motion for *pro bono* counsel.  While well-stated, Defendant's opposition fails to address the holdings set forth in *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000) and *Fontanez v. U.S.*, 24 F.Supp. 3d 408 (D.N.J. 2014).  *Chamberlain* stands for the proposition that a plaintiff's state law medical malpractice claim need not be dismissed with prejudice if the failure to file an affidavit of merit within the statutory time period was due to extraordinary circumstances.  *See* 210 F.3d at 162.  Further, *Fontanez* confirms that upon a finding of extraordinary circumstances, the Court can extend the filing deadline for an affidavit of merit beyond the 120-day period outlined in the statue.  Indeed, in *Fontanez*, the defendants the Federal Bureau of Prisons and the United States of America (collectively, the "defendants") filed their Answer to the plaintiff's Amended Complaint on June 11, 2013.  The

2

plaintiff moved for the 120 day extension of time to file his affidavit of merit in compliance with New Jersey's statute, and the court granted same, requiring the affidavit of merit to be filed by October 9, 2013, 120 days after the defendants' Answer was filed, which the court recognized was the "statutory limit under New Jersey's affidavit of merit statute." *Fontanez*, 24 F.Supp. 3d at 411. On October 24, 2013, after the 120-day extension expired, the plaintiff moved for an additional extension of time to file his affidavit of merit. Despite the statutory limit, the court in *Fontanez* determined that extraordinary circumstances existed to permit the additional extension of time. *Id.* at 417. As a result, it granted the plaintiff's motion and gave the plaintiff until June 29, 2014, over a year after the defendants filed their Answer, to file an affidavit of merit. *Id*.

Clearly, the decisions in *Chamberlain* and *Fontanez*, support the Court's decision to extend Plaintiff's time to file an affidavit of merit in this case beyond 120 days after Defendant's Answer was filed. Under these circumstances, the Court finds no reason to alter its decision set forth in its Memorandum Opinion and Order of March 13, 2020. Plaintiff's motion for an extension of time to file an affidavit of merit and motion for *pro bono* counsel are GRANTED. At this juncture, *pro bono* counsel is being appointed for Plaintiff for the limited purpose of assisting Plaintiff in obtaining the required affidavit of merit in support of his medical malpractice and negligence claims against Defendant. **If feasible, the Clerk of the Court shall appoint someone with medical malpractice experience**. The time within which Plaintiff may file the required affidavit of merit is extended 60 days from the date *pro bono* counsel makes an appearance in this matter. Dispositive motion practice remains stayed.

      **IT IS SO ORDERED.**

                                                         s/ Tonianne J. Bongiovanni
                                          **TONIANNE J. BONGIOVANNI**
                                          **United States Magistrate Judge**